# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NICK BIGSBY, | ) |
| Plaintiff, | ) |
| vs. | ) 1:12-cv-709-JMS-TAB |
| STATE OF INDIANA, et al., | ) |
| Defendants. | ) |

## Entry and Order Dismissing Action

**I.**

The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. ' 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 555, 557).

Bigsby sues the State of Indiana, the Marion County Prosecutor's Office, the current and former Marion County Prosecutors, and Deputy Prosecutor Eric Schmadeke. Bigsby alleges that his due process rights were violated when Deputy Prosecutor Schmadeke obtained "wiretaps" from the Marion County Jail II without the permission of a judge and used those wiretapped conversations during his criminal trial. Bigsby seeks damages.

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court.@ *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994). Applying this standard here, the action must be dismissed as legally insufficient for the reasons explained below:

1. Claims for damages against a state are barred by the Eleventh Amendment because "a State cannot be sued directly in its own name regardless of the relief sought" absent consent or permissible congressional abrogation. *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985).

2. The individual prosecutors are immune from damages for their actions in conducting the State=s case. *Imbler v. Pachtman*, 424 U.S. 409 (1976). That is what Deputy Prosecutor Schmadeke is alleged to have done, and this absolute immunity "shelters prosecutors even when they act maliciously, wantonly or negligently." *Rykers v. Alford,* 832 F.2d 895 (5th Cir. 1987). In addition, because the prosecutors were acting as a state official when representing the State of Indiana in the prosecution against Bigsby, the Eleventh Amendment precludes an official capacity suit against them. *See Bibbs v. Newman,* 997 F.Supp. 1174, 1178 (S.D.Ind. 1998); *Study v. U.S.,* 782 F. Supp. 1293, 1297 (S.D.Ind. 1991).

## III.

For the reasons explained in Part II of this Entry, the complaint fails to state a claim upon which relief could be granted as to any of the defendants. The dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). Accordingly, the plaintiff's motion to appoint counsel [3] and for service of process by the United States Marshals Service [4] are **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/13/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

NICK BIGSBY
915268
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064