# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |  | |
|---|---|---|---|
| NICK BIGSBY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | 1:12-cv-709-JMS-TAB | |
| | ) | | |
| STATE OF INDIANA, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

### Entry Discussing Motion for Relief from Judgment

This civil rights action was dismissed on June 14, 2012, based on the court's determination that the complaint failed to state a claim upon which relief could be granted. The entry of judgment has been followed with the filing of the plaintiff's motion for relief from judgment on July 11, 2012.

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). So too, of course, is the content of such motion. Given the timing of the motion for relief from judgment, and given the argument set forth in such motion, the motion seeks relief within the scope of Rule 59(e) and is thus treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

As explained in the Entry of June 14, 2012, the plaintiff sued the State of Indiana, the Marion County Prosecutor's Office, the current and former Marion County Prosecutors, and Deputy Prosecutor Eric Schmadeke. It was also explained in that same Entry that the complaint failed to state a claim upon which relief could be granted as to any of the defendants. The dismissal of the action pursuant to 28 U.S.C. § 1915A(b) was therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union,* 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins.*

*Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). When assessing the complaint, the court did not misapprehend the plaintiff's claims or misapply the law to those claims in light of the applicable law. Accordingly, the motion for relief from judgment [9], treated as a motion to alter or amend judgment, is **denied.**

**IT IS SO ORDERED.**

Date: 07/25/2012 _____

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

NICK BIGSBY
915268
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064