UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NICK BIGSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:12-cv-709-JMS-TAB |
| ) | |
| STATE OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**E N T R Y**

      This civil rights action brought by an Indiana prisoner was dismissed on June 14, 2012, based on the court's determination that the complaint failed to state a claim upon which relief could be granted and that its dismissal pursuant to 28 U.S.C. § 1915A(b) was therefore mandatory.

      The dismissal of the action was followed by the filing and denial of the plaintiff's motion for relief from judgment and by issuance of a collection order pursuant to 28 U.S.C. § 1915(b)("the collection order"). Issuance of the collection order, in turn, has been followed with the filing on August 6, 2012, of the plaintiff's motion for relief from judgment or order. The most recent motion was filed within 28 days from the issuance of the collection order.

      Given the timing of the motion for relief from order relative to the issuance of the collection order, and given the arguments set forth in such motion, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits).

      The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error

of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

There was in this case no manifest error of law or fact relative to the collection order. The plaintiff filed this lawsuit. He did not prepay the $350.00 filing fee. He sought waiver of the obligation to prepay the filing fee. That request was granted, not pursuant to a state statute but pursuant to 28 U.S.C. § 1915. That same statute, § 1915, requires the collection of the filing fee from an inmate's custodian in precise the manner specified in the collection order. Accordingly, the motion for relief from order, treated as a motion to alter or amend judgment [12], is **denied.**

**IT IS SO ORDERED.**

Date: 08/30/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Nick Bigsby
#915268
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064